GREENBERG TRAURIG, LLP
GREGORY A. NYLEN (SBN 151129)
Email: *nyleng@gtlaw.com*
NINA D. BOYAJIAN (SBN 246415)
Email: *boyajiann@gtlaw.com*
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404-5524
Tel: (310) 586-7700
Fax: (310) 586-7800

GREENBERG TRAURIG LLP
G. ROXANNE ELINGS  *(admitted pro hac vice)*
Email: *elingsr@gtlaw.com*
SETH E. KERTZER *(admitted pro hac vice)*
Email: *kertzers@gtlaw.com*
MetLife Building
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

Attorneys for Plaintiff WRANGLER APPAREL CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WRANGLER APPAREL CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL STORES, INC., a California corporation, d/b/a FALLAS PAREDES; SCAASIS ORIGINALS, INC., a New Jersey corporation, d/b/a OCEANIC TRADING COMPANY; TOP MODE FABRICS, INC. d/b/a VISION QUEST TRADING CO., a New York corporation, DAVID KIM, an individual, DAE H. KIM, an individual, and DOES 1-10,<br><br>Defendants. | CASE NO. CV10-8871 R (MANx)<br><br>**PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT AS TO DEFENDANTS NATIONAL STORES, INC., d/b/a FALLAS PAREDES, and SCAASIS ORIGINALS, INC., d/b/a OCEANIC TRADING COMPANY** |

Plaintiff Wrangler Apparel Corp. ("Plaintiff"), having commenced this action for an injunction and other relief against, *inter alia*, Defendants Scaasis Originals, Inc. and National Stores, Inc. ("Settling Defendants") pursuant to the Lanham Act, 15 U.S.C. §1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and under the laws of the State of California, for the reason that Settling Defendants are alleged to be engaged in manufacturing, importing, distributing, offering for sale and/or selling, among other things, products that bear counterfeits and/or imitations of the following trademarks belonging to Plaintiff:

| Trademark | Reg. No. | Reg. Date | Class |
|---|---|---|---|
| WRANGLER | 849,477 | May 21, 1968 | 25 |
| WRANGLER [Kabel] | 1,075,094 | October 11, 1977 | 25 |
| WRANGLER [rope] | 809,323 | May 31, 1966 | 25 |
| WRANGLER [rope 2] | 3,756,119 | March 2, 2010 | 25 |
| COWBOY CUT | 3,400,937 | March 25, 2008 | 25 |
| SILVER EDITION | 3,334,429 | November 13, 2007 | 25 |
| 13MWZ | 1,819,976 | February 8, 1994 | 25 |
| Design only [patch] | 2,361,033 | June 27, 2000 | 25 |
| Design only [W-stitch] | 634,868 | September 25, 1956 | 25 |
| WRANGLER and design [rope patch] | 3,807,497 | June 22, 2010 | 25 |

(collectively "Plaintiff's Trademarks"); and

    Settling Defendants, having entered into a Settlement Agreement with Plaintiff and having stipulated to entry of a Permanent Injunction and Final Judgment; and so

    The parties, having indicated below their consent to the form and entry of this Permanent Injunction and Final Judgment on Consent.

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

    Settling Defendants, their agents, servants, employees, representatives, confederates, affiliates and any other persons or entities acting in concert or participation with them, are permanently enjoined and restrained from:

i) using in any manner Plaintiff's Trademarks, or any copies or versions thereof, that are likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product that is Plaintiff's product, or not authorized by Plaintiff to be sold in connection with Plaintiff's Trademarks;

ii) passing off, reverse passing off, inducing, or enabling others to sell or pass off any product as and for products produced by Plaintiff or its licensees, that are not (i) produced by Plaintiff, (ii) produced under the control and supervision of Plaintiff, or (iii) approved by Plaintiff for sale under the Plaintiff's Trademarks;

iii) committing any acts calculated to cause purchasers to believe that Settling Defendants' products are sold under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Plaintiff, unless they are such;

iv) manufacturing, importing, exporting, shipping, delivering, distributing, advertising, printing labels, offering for sale, selling and/or otherwise moving or disposing of products, inventory or parts, including but not limited to tags, hang-tags, rivets, buttons, labels, any other accompaniments, not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's Trademarks;

    v)    diluting and/or infringing all of Plaintiff's Trademarks and damaging Plaintiff's goodwill and reputation;

    vi)    otherwise competing unfairly with Plaintiff, through the advertising, offering for sale, or sale of any product infringing Plaintiff's Trademarks in any manner; and

    vii)    from assisting any other party in committing the acts referred to in the above subparagraphs (i) through (vii).

**AND IT IS FURTHER ORDERED,** that this Court has jurisdiction over the parties, and the subject matter of the action. This Court shall retain jurisdiction to the extent necessary to enforce this Injunction and the Settlement Agreement between the parties, and to determine any issues that may arise under either.

**SO ORDERED**

Dated: _Dec. 5, 2011__        By: _____
                                             Manuel L. Real
                                             UNITED STATES DISTRICT JUDGE